**JUDGE PAULEY**

**12 CIV 0806**

Brian W. Brokate (BB 5830)
John Macaluso (JM 2058)
Walter-Michael Lee (WL 6353)
Gibney, Anthony & Flaherty, LLP
665 Fifth Avenue
New York, New York 10022
Telephone: (212) 688-5151
Facsimile: (212) 688-8315
Attorneys for Plaintiff

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/9/12

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ROLEX WATCH U.S.A., INC.,

   Plaintiff,

v.

JULIO MUNOZ, individually and d/b/a
WWW.YOUTUBEWATCHES.COM;
UNKNOWN WEBSITES 1-10; "JOHN DOES"
1-10; and UNKNOWN ENTITIES 1-10

   Defendants.

CASE NO.

**TEMPORARY RESTRAINING ORDER; ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD BE ISSUED; EXPEDITED DISCOVERY ORDER; ASSET RESTRAINING ORDER; AND ORDER TEMPORARILY SEALING THE COURT FILE**

WHEREAS, this matter comes before the Court on Plaintiff Rolex Watch U.S.A., Inc. ("Rolex's") *ex parte* application. Upon a review of the pleadings, moving affidavits and evidence presented by Rolex, the Court makes the following findings of fact and conclusions of law:

A.   Rolex has proffered evidence that it is the owner of, including but not limited to, the following federal trademark registrations in the U.S. Patent and Trademark Office:

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| AIR-KING | 2,953,542 | 5/17/05 | Watch and watch parts thereof. |
| ♛ CROWN DEVICE | 657,756 | 1/28/58 | Timepieces of all kinds and parts thereof. |
| DATEJUST | 674,177 | 2/17/59 | Timepieces and parts thereof. |
| DAY-DATE | 831,652 | 7/4/67 | Wrist watches. |

- 1 -

- 2 -

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| DAYTONA | 2,331,145 | 3/21/00 | Watches. |
| EXPLORER | 2,518,894 | 12/18/01 | Watches. |
| EXPLORER II | 2,445,357 | 4/24/01 | Watches. |
| GMT-MASTER | 683,249 | 8/11/59 | Watches. |
| GMT-MASTER II | 2,985,308 | 8/16/05 | Watches and parts thereof. |
| OYSTER | 239,383 | 3/6/28 | Watches, movements, cases, dials, and other parts of watches. |
| OYSTER PERPETUAL | 1,105,602 | 11/7/78 | Watches and parts thereof. |
| PRESIDENT | 520,309 | 1/24/50 | Wristbands and bracelets for watches made wholly or in part or plated with precious metals, sold separately from watches. |
| ROLEX | 101,819 | 1/12/15 | Watches, clocks, parts of watches and clocks, and their cases. |
| ROLEX DAYTONA | 1,960,768 | 3/5/96 | Watches. |
| ROLEX DEEP SEA | 3,709,603 | 10/27/09 | Watches. |
| SEA-DWELLER | 860,527 | 11/19/68 | Watches, clocks and parts thereof. |
| SUBMARINER | 1,782,604 | 7/20/93 | Watches. |
| TURN-O-GRAPH | 2,950,028 | 5/10/05 | Watches and parts thereof. |
| YACHT-MASTER | 1,749,374 | 1/26/93 | Watches. |

(Hereinafter collectively referred to as "Rolex's Registered Trademarks".)

B.  Rolex has proffered evidence that it distributes authorized merchandise bearing Rolex's Registered Trademarks in the United States.

C.  Rolex has proffered evidence that Defendant Julio Munoz ("Defendant") has imported, manufactured, advertised, promoted, offered for sale, sold and/or distributed watches using counterfeits, reproductions, copies, and/or colorable imitations of Rolex's Registered Trademarks on the Internet.

D.  Rolex has proffered evidence that Defendant is not now, nor has he ever been, authorized or licensed to use, reproduce, or make counterfeits, copies, reproductions, and/or colorable imitations of Rolex's Registered Trademarks.

E.  Rolex has a very strong probability of proving at trial that Defendant uses and/or used counterfeits of Rolex's Registered Trademarks in connection with the sale, offering for sale, or distribution of goods or service.

F.  Rolex will suffer immediate and irreparable injury if such an order is not granted.

G.  The harm to Rolex of denying the application outweighs the harm to the legitimate interests of Defendant.

H.  Defendant or persons acting in concert with such Defendant, would destroy, move, hide, or otherwise make such matter inaccessible to the court, if Rolex were to proceed on notice.

I.  The public interest favors issuance of this order.

J.  For all the foregoing reasons, an order other than an *ex parte* order is not adequate to achieve the purposes of 15 U.S.C. §1114.

THEREFORE, it is hereby:

ORDERED that Defendant show cause before this Court at United States Courthouse, 500 Pearl Street, New York, NY on the 10th day of February, 2012 at 10:30 o'clock a.m. in Courtroom 11D, or as soon thereafter as counsel can be heard, why a preliminary injunction, pursuant to Fed. R. Civ. P. 65, should not be issued enjoining Defendant, his agents, servants, employees, officers, and all persons in active concert and participation with them, pending the final hearing and determination of this action.

(a)   using any reproduction, counterfeit, copy, or colorable imitation of Rolex's Registered Trademarks to identify any goods or the rendering of any services not authorized by Rolex;

(b)   using a false description or representation including words or other symbols tending to falsely describe or represent his unauthorized goods as being those of Rolex or sponsored by or associated with Rolex and from offering such goods in commerce;

(c)   further infringing Rolex's Registered Trademarks by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any products not authorized by Rolex bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the Rolex Registered Trademarks;

(d)   using any simulation, reproduction, counterfeit, copy or colorable imitation of Rolex's Registered Trademarks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Rolex, or to any goods sold, manufactured, sponsored or approved by, or connected with Rolex;

(e)   making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members

thereof, to believe that any services provided, products manufactured, distributed, sold or offered for sale, or rented by Defendant is in any way associated or connected with Rolex, or is provided, sold, manufactured, licensed, sponsored, approved or authorized by Rolex;

(f) secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, or displaying of all unauthorized products which infringe Rolex's Registered Trademarks; and

(g) effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (f).; and it is further

ORDERED that pending the hearing and determination of Rolex's motion for preliminary injunction, Defendant, his agents, servants, employees, officers, and all other persons in active concert or participation with them, be and hereby are, without prior written or oral notice, temporarily restrained and enjoined from in any manner, either directly or indirectly, committing any of the acts set forth above which are sought to be enjoined by Rolex; and it is further

ORDERED that pursuant to 15 U.S.C. § 1116(d)(10)(B) and Fed.R.Civ.P. 30 and 34, Rolex be given expedited discovery of Defendant with respect to the manufacture, receipt and sale of merchandise, containers, promotional materials and labels bearing Rolex's trademarks including discovery of the source thereof, the creation of such trademarks, the quantity of goods bearing such trademarks ordered in

inventory and sold by Defendant, and other matters relevant to this action and that such Defendant must respond to written discovery requests within three (3) days of service and appear for depositions no later than one (1) day prior to the show cause hearings scheduled herein; and it is further

ORDERED that Rolex shall post a bond in any form approved by the Clerk of the Court in the sum of $5,000.00 as security for the payment of such costs and damages as may be incurred or suffered by any party who is subsequently found to be wrongfully enjoined or restrained hereby and it is further

ORDERED that answering papers, if any, be personally filed with this Court with courtesy copies for Chambers and personally served upon Rolex 's counsel, Gibney, Anthony & Flaherty, LLP, at their offices at 665 Fifth Avenue, 11th Floor, New York, NY 10022, on or before February 9, 2012 at 5:00 o'clock p.m.; and it is further

ORDERED that Defendant's failure to attend the show cause hearings scheduled herein may result in the immediate issuance of the preliminary injunction, which may be deemed to take effect immediately upon the expiration or dissolution of the temporary restraining order herein, and may extend during the pendency of this suit the same injunctive relief previously granted by the temporary restraining order; and it is further

ORDERED, that the Temporary Restraining Order shall remain in effect until the date for hearing on the Order to Show Cause set forth above, or such further dates as set by the Court, unless Defendant stipulates, or has not objected, to the Preliminary Injunction; and it is further

ORDERED, that in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a) and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, Defendant and his officers, servants, employees and agents and any persons in active concert or participation with them, and any banks, savings and loan associations or other financial institutions, including without limitation PayPal accounts, Western Union accounts or other merchant account providers, payment providers, or third party processors or for any Defendant who receive actual notice of this Order, shall immediately locate all accounts connected to Defendant and be temporarily restrained and enjoined from transferring or disposing of any money, stocks or other of Defendant's assets, without prior approval of the Court, except as to a Defendant that files with the Court and serves upon Rolex's counsel:

(1) an accounting of any and all Defendant's assets located in the United States having a value of two thousand dollars ($2,000) or more, and the location and identity thereof; and

(2) uncontradicted documentary proof accepted by Rolex, (such acceptance not to be unreasonably withheld) that particular assets are not proceeds of Defendant's counterfeiting activities, in which case those particular assets shall be released to such Defendant; and it is further

ORDERED, that Defendant's Internet Service Provider and/or Registrar cancel or place on Registry Hold Status the domain name www.youtubewatches.com used by Defendant to engage in his illegal activities concerning the Rolex Registered Trademarks.

ORDERED, that this action shall remain sealed by the Court until the date for hearing on the Order to Show Cause set forth above, at which time the Clerk shall remove the seal.

ORDERED, that service of this order along with the underlying papers including the Summons and Complaint shall be deemed sufficient and proper if served upon Defendant personally by ~~or within three (3) days after the issuance of this Order~~ February 3, 2012 at 5:00 p.m. If service cannot be effected timely in this manner, service shall be deemed sufficient and proper if made via e-mail to marcjoansmunoz@yahoo.com and/or jm@youtubewatches.com and by Overnight Mail to Defendant's last known home address.

Dated: Feb r f , 2012

5:00 p.m.

New York, NY

_____
UNITED STATES DISTRICT COURT JUDGE

- 8 -